UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
        :
**ANTHONY CAPUANO**,    :
    :
        Plaintiff,    :
    :  **MEMORANDUM DECISION AND**
        – against –    :  **ORDER**
    :  25-CV-478 (AMD) (JMW)
**N.Y.S.S.C.R.S.C., N.Y.S.S.C. RIVERHEAD**    :
**SUPREME COURT, RICHARD AMBRO**,
*Supreme Court Judge,* **STEPHEN BRASLOW**,    :
*Supreme Court Judge,* **AND RAYMOND A.**
**TIERNEY**, *Suffolk County District Attorney,*    :
    :
        Defendants.    :
--------------------------------------------------------------- X
    :
**ANTHONY CAPUANO**,    :
    :
        Plaintiff,    :
    :  25-CV-492 (AMD) (JMW)
        – against –    :
    :
**JOHN DOE,** *N.Y.S. S.C.C.I. District Court Judge*,
**JANE DOE,** *N.Y.S. S.C.C.I. District Court A.D.A.*,    :
**AND ANTHONY SCHELLER**, *Counsel,*
    :
        Defendants.    :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       The *pro se* plaintiff is currently incarcerated at Five Points Correctional Facility in New York, where he is serving a 14-year sentence after pleading guilty to more than 30 criminal charges in connection with a home invasion on Long Island.[1] On January 21, 2025, the plaintiff

---

[1] *Capuano v. Ambro*, No. 24-CV-1610, ECF No. 1 at 1 (E.D.N.Y.); *see also* New York State Dep't of Corrs., Incarcerated Lookup, https://nysdoccslookup.doccs.ny.gov (last visited on Feb. 20, 2025).

commenced a Section 1983 action against the Suffolk County Supreme Court,[2] Supreme Court Judges Richard Ambro and Stephen Braslow, and Suffolk County District Attorney Raymond A. Tierney. *Capuano v. N.Y.S.S.C.R.S.C., et al.*, No. 25-CV-478 (E.D.N.Y.) ("Jan. 21 Action"). Subsequently, on January 27, 2025, the plaintiff commenced a separate Section 1983 action against an unidentified Suffolk County Supreme Court judge, an unidentified Suffolk County Assistant District Attorney, and Anthony Scheller, his former lawyer. *Capuano v. John Doe, et al.*, No. 25-CV-492 (E.D.N.Y.) ("Jan. 27 Action"). In both actions the plaintiff applied to proceed *in forma pauperis*.[3]

The Court consolidates these actions solely for the purpose of this order. For the following reasons, the plaintiff's requests to proceed *in forma pauperis* are granted, and his complaints are dismissed.

## BACKGROUND

Both of the plaintiff's complaints concern his December 2016 arraignment in Suffolk County Supreme Court for the crimes to which he ultimately pled guilty. In his January 21, 2025 complaint, the plaintiff alleges that his Fourteenth Amendment due process rights were violated at the arraignment. (Jan. 21 Action, ECF No. 1 at 5.) The plaintiff asserts that Judge Ambro "never honored" his request to inspect the grand jury minutes and that District Attorney Tierney "denied" his "440.10.20.30 motion." (*Id.*) The plaintiff suggests that this occurred at least in part before Judge Braslow. (*Id.*)

---

[2] The plaintiff identifies this defendant as "N.Y.S.S.C.R.S.C." and the "N.Y.S.S.C. Riverhead Supreme Court" in his complaint.

[3] The plaintiff has filed other actions that are currently pending before the Court: *Capuano v. Braslow, et al.*, No 24-CV-5486 (E.D.N.Y.); *Capuano v. Fuchs, et al.*, No. 24-CV-5487 (E.D.N.Y.); *Capuano v. Scheller et al.*, No. 25-CV-7995 (E.D.N.Y.). The plaintiff also has a pending *habeas* petition, *Capuano v. Ambro*, No. 24-CV-1610 (E.D.N.Y.), and recently filed an action against the undersigned and Magistrate Judge Lee G. Dunst, *Capuano v. Dunst et al.*, No. 24-CV-8932 (E.D.N.Y.).

In his January 27, 2025 complaint, the plaintiff alleges that neither Mr. Scheller nor the assistant district attorney answered him at his 2016 arraignment when he asked what his "pre-indictment cop out" was. (Jan. 27 Action, ECF No. 1 at 5.) He also asserts that Mr. Scheller was constitutionally ineffective because he represented the plaintiff and a co-defendant at the arraignment. (*Id.*)

In both cases, the plaintiff seeks monetary damages. (Jan. 21 Action, ECF No. 1 at 5; Jan. 27 Action, ECF No. 1 at 8.)

## LEGAL STADARD

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The Court construes *pro se* pleadings liberally and interprets them to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same standard for plaintiffs proceeding *in forma pauperis*).

**DISCUSSION**

In both complaints, the plaintiff moves under 42 U.S.C. § 1983, which requires him to allege "the violation of a right secured by the Constitution and laws of the United States" and that the "deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations omitted). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). For the reasons set forth below, the plaintiff's Section 1983 claims must be dismissed.

**I.   *Heck* Doctrine**

To the extent the plaintiff seeks damages in connection with his 2016 arraignment in state court, his claims are barred by *Heck v. Humphrey*, in which the Supreme Court held that a Section 1983 plaintiff seeking to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 477 (1994). *Heck* mandates that "a state prisoner's § 1983 action is barred . . . no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original); *see also Popal v. Queens Cnty. D.A.'s Off.,* No. 23-CV-2933, 2024 WL 814628, at *3 (E.D.N.Y. Feb. 27, 2024).

The plaintiff seeks damages in connection with alleged constitutional violations at his December 2016 arraignment on the charges to which he eventually pled guilty. (Jan. 21 Action,

4

ECF No. 1 at 5; Jan. 27 Action, ECF No. 1 at 5.) These claims, if allowed to move forward, would necessarily call into question the validity of the plaintiff's underlying conviction. Because the plaintiff has not shown that his conviction was reversed, expunged, invalidated, or otherwise called into question in a *habeas* proceeding, his claims are barred under *Heck*.

## II. Immunity

Even if the plaintiff's claims were not barred under *Heck*, the majority of the defendants listed in the complaints are entitled to immunity.

### a. Suffolk County Supreme Court

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citation and internal quotations omitted). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the state's immunity in enacting § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38, 40 (2d Cir. 1977).

Because the Suffolk County Supreme Court is part of the New York State Unified Court System — an arm of the State of New York — the Eleventh Amendment bars the plaintiff from suing the court in federal court. *See Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." (internal citation omitted)); *Panarello v. Suffolk Cnty. Police*, No. 20-CV-3281, 2020 WL 4819496, at *1 (E.D.N.Y. Aug. 19, 2020) ("[T]he New York Supreme Court, Suffolk County, is an agency of the State of New York. States and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment."). Accordingly, the Court must dismiss the plaintiff's claims against the Suffolk County Supreme Court. 28 U.S.C. § 1915A(e)(2)(B)(iii).

### b. Judicial Immunity

"Judges are . . . subject to suit only for (1) 'nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity'; and (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (quoting *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991)). This means that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)); *Cora v. Lebron*, No. 24-CV-327, 2024 WL 308244, at *2 (E.D.N.Y. Jan. 26, 2024) ("Even if the plaintiff did make factual allegations against [the] Judge . . . for her actions as the presiding judge . . . she is absolutely immune from suits for damages arising out of judicial acts performed in their judicial capacities.").

The plaintiff's claims against Judges Ambro, Braslow, and John Doe arise from decisions they made during the plaintiff's state court criminal proceedings. (Jan. 21 Action, ECF No. 1 at 5; Jan. 27 Action, ECF No. 1 at 5.) Nothing in the complaint suggests that the judges took actions outside of their judicial capacity or that they exceeded their jurisdiction. Therefore, Judges Ambro, Braslow, and Doe are entitled to immunity.

### c. Prosecutorial Immunity

"Prosecutors are absolutely immune from liability in § 1983 suits brought against prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 335 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 428, 430 (1976)). To the extent that a prosecutor is sued in his or her official capacity, "such a suit is deemed to be a suit against the state, and the official is entitled to invoke

6

the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993).

Although the plaintiff does not specify whether he is suing District Attorney Tierney and Assistant District Attorney Doe in their individual or official capacities, they are immune from suit in either case. To the extent the plaintiff alleges that those defendants acted improperly during his arraignment, those actions are "intimately associated with the judicial phase of the criminal process," and the defendants are entitled to immunity. *Imbler*, 424 U.S. at 430. Similarly, any suit brought against those defendants in their official capacities is barred by the Eleventh Amendment.

### III. Failure to State a Claim

Finally, the plaintiff cannot bring a Section 1983 claim for ineffective assistance of counsel because Mr. Scheller was not "either a state actor or a private party acting under state law." *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). For all actions brought pursuant to Section 1983, a plaintiff must allege that the harm was "committed by a person acting under color of state law." 42 U.S.C. § 1983; *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)). A lawyer representing a client is generally not considered a state actor within the meaning of § 1983. *Hopkins v. Comptroller*, No. 22-CV-4505, 2022 WL 2954350, at *3 (S.D.N.Y. July 26, 2022) ("[A]bsent special circumstances suggesting concerted action between an attorney and a state representative, the representation of a party by private counsel does not constitute the degree of

state involvement or interference necessary to establish a claim under Section 1983." (citations omitted)).

The plaintiff does not allege, nor do the complaints suggest, that Mr. Scheller was a state actor or acted under color of state law during the arraignment or any other relevant time. Accordingly, the plaintiff fails to state a claim against Mr. Scheller.

## CONCLUSION

For the reasons set forth above, the complaints are dismissed without prejudice. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("Disposition of the case on *Heck* grounds, . . . warrants only dismissal *without* prejudice, because the suit may be reinstituted should plaintiff's conviction be expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." (citation and internal quotations omitted)); *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996) (claims barred by Eleventh Amendment immunity are properly dismissed for lack of subject matter jurisdiction); *Miller v. Cnty. of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (a dismissal "based on a finding of judicial immunity" is for lack of subject-matter jurisdiction); *see also* 28 U.S.C. § 1915A.

The Court denies the plaintiff leave to amend either complaint. *Harty v. West Point Realty*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice." (citation omitted)). Generally, a court should grant a *pro se* plaintiff leave to amend if "a liberal reading of the pleading gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139–140 (2d Cir. 2013) (citation and internal quotations omitted). However, it is "well established" that leave to amend may properly be denied if the amendment would be futile. *Williams v.*

*Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011).  Here, leave to amend is not warranted because it is clear from the face of plaintiff's complaints that a claim cannot be stated as a matter of law. *See Hardie v. United States*, 501 F. Supp. 3d 152, 162 (E.D.N.Y. 2020).

To date, the plaintiff has filed seven complaints in this District, six of which relate to his 2017 conviction.  The Court advises the plaintiff that if he continues to file *in forma pauperis* actions related to the same underlying criminal action, the court may impose a filing injunction, which would prohibit him from making future filings seeking *in forma pauperis* status without leave of the Court.  *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (citation and internal quotations omitted)); *Grant v. 115th Precinct*, No. 24-CV-4183, 2024 WL 3252513, at *1 (E.D.N.Y. July 1, 2024).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  Therefore, *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgments, mail a copy of this Memorandum and Order to the plaintiff, and note the mailing on the docket for both actions.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       February 28, 2025